# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROGER JAMES DOTZ,**

       **Petitioner,**

  -v-                            Case No. 05-C-984

**CATHERINE FANEY,**

       **Respondent.**

## ORDER PURSUANT TO RULE 4

On September 13, 2005, the petitioner, Roger James Dotz ("Dotz"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition states that Dotz is serving a life sentence for first degree homicide. This sentence was imposed on July 21, 1994.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to promptly review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." An initial review indicates that Dotz plainly is not entitled to relief.

Section 2254(b) requires, with exceptions not relevant here, that the petitioner demonstrate that he has "exhausted the remedies available in the courts of the State . . .

." A petitioner has not exhausted his state court remedies until he has given "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Like the petitioner in *O'Sullivan*, Dotz failed to present his claims to the Wisconsin Supreme Court, and therefore, he failed to exhaust his state court remedies. Accordingly, the Court must summarily dismiss his § 2254 petition.

Also before the Court is Dotz's petition to proceed *in forma pauperis* (IFP) and his motion to appoint counsel. In order to authorize a litigant to proceed IFP, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). Here, Dotz meets neither one of these elements. He has $17.40 in his account, which would allow him to pay the $5.00 filing fee. In addition, as is discussed above, his claim is plainly frivolous, in that Dotz has not yet exhausted his state court remedies.

The Court denies Dotz's IFP application and his request for counsel, as his habeas petition is clearly without merit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Roger James Dotz's Motion to Appoint Counsel (Docket #3) is **DENIED.**

Roger James Dotz's Motion to Proceed *in forma pauperis* (Docket # 2) is **DENIED.**

Roger James Dotz's Petition for a Writ of Habeas Corpus (Docket #1) is **DISMISSED.**

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2005.

SO ORDERED,

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
Chief Judge